NO. 07-05-0039-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



NOVEMBER 9, 2005


______________________________



ALFREDO G. CHAVEZ, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;



NO. 93-417,638; HON. JIM BOB DARNELL, PRESIDING


_______________________________





Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and HANCOCK, JJ.

 Alfredo G. Chavez (appellant) appeals the judgment revoking his probation. Via two
issues, he contends the trial court erred in failing to grant his motion to suppress evidence. 
The evidence (his possession of cocaine) resulted in appellant being charged with a new
offense, which then became the basis for the motion to revoke. We affirm the judgment.

Background


 Appellant was stopped by Trooper Smith for speeding and asked to present his
driver's license and proof of insurance. Because appellant lacked proof of current
insurance, the trooper advised him that he was being cited for speeding and for failing to
provide proof of insurance. The trooper also asked appellant to step out of the vehicle. 
With Smith was Trooper Brad Taylor (Taylor), and while Smith wrote out the citations Taylor
called dispatch to determine if appellant was wanted under any outstanding warrants. 
Before receiving any response about the existence of outstanding warrants, the officers
asked for and secured consent from appellant to search his person and automobile. While
searching his person they discovered the cocaine in his pocket.

 Appellant filed a motion to suppress which was denied by the trial court. 
Subsequently, appellant pled guilty and received a five-year prison sentence. Appellant,
now, attacks the decision to deny his motion to suppress.

Law


 Whether the trial court erred in denying a motion to suppress depends upon whether
it abused its discretion. Rogers v. State, 113 S.W.3d 452, 456 ( Tex. App.-San Antonio
2003, no pet.). Whether it abused its discretion depends upon whether, given the record
before it and the applicable law, the decision fell outside the zone of reasonable
disagreement. Benitez v. State, 5 S.W.3d 915, 918 (Tex. App.-Amarillo 1999, pet. ref'd). 
Next, while questions of law are subject to unfettered de novo review, the same is not
necessarily true with regard to mixed questions of law and fact. That is, the application of
law to fact is a mixed question of law and fact. Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997). Furthermore, when the resolution of the ultimate question turns on an
evaluation of the credibility and demeanor of the witnesses, then we afford almost total
deference to the manner in which the trial court applied the law to the facts before it. The
same deference is afforded the trial court's determination of the historical facts involved. 
Id. In all other situations, we review, de novo, the manner in which the law is applied. Id. 
 

 Next, authority holds that as part of a traffic stop, an officer may 1) require the
detainee to identify himself and produce a valid driver's license and proof of insurance and
2) detain the individual for a period of time reasonably sufficient to check for outstanding
warrants. Kothe v. State, 152 S.W.3d 54, 63-64 (Tex. Crim. App. 2004); Strauss v. State,
121 S.W.3d 486, 491 (Tex. App.-Amarillo 2003, pet. ref'd). So too may he ask the driver
if he possesses illegal contraband and solicit voluntary consent to search the vehicle once
the purpose of a traffic stop has been effectuated. Strauss v. State, 121 S.W.3d at 491;
James v. State, 102 S.W. 3d 162, 172-73 (Tex. App.-Fort Worth 2003, pet. ref'd). 
Requesting such consent is not an unlawful seizure, and neither probable cause nor
reasonable suspicion is required for the officer to ask. James v. State, 102 S.W.3d at 173. 
Nor must the officer tell the individual that he is free to leave after the purpose of the stop
is completed. Vargas v. State, 18 S.W.3d 247, 252 n.1 (Tex. App.-Waco 2000, pet. ref'd). 

Application of Law


 In his two issues, appellant contends that the "search . . . caused the detention to
last longer than was necessary to effectuate the purpose of the initial stop," and because
the detention was illegal, his consent was involuntary. We overrule both.

 Regarding the request for consent to search, the record contains evidence
illustrating that the troopers asked for it before or at the same time they received from the
dispatcher the information regarding the existence of outstanding warrants. Moreover, the
troopers were entitled to detain appellant until they received that information. Thus, we
view the situation as falling within the scope of James and Strauss and conclude that the
trial judge was free to hold that the troopers did not improperly detain appellant. 

 As to the allegation that appellant's consent was involuntary, it is premised on the
belief that his detention was impermissible. Having found that the trial court had
reasonable basis to conclude that the detention was permissible, the foundation of
appellant's argument is non-existent. 

 In sum, the trial court did not abuse its discretion in overruling the motion to
suppress. Nor did it err in revoking his probation because he violated a term of his
probation, i.e. forego committing new offenses. Consequently, we affirm the order revoking
his probation.

 

 Brian Quinn 

 Chief Justice

 

Do not publish.